UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DR. MARVIN THRASH<br>883 Clearfield Lane<br>Cincinnati, OH 45240 | : | Case No. 1:11-cv-915 |
| Plaintiff, | : | Judge S Arthur Spiegel |
| vs. | : | |
| MIAMI UNIVERSITY<br>501 East High Street<br>Oxford, Ohio 45056 | : | |
| and | : | |
| DR. SHASHI LALVANI<br>650 E. High Street<br>64 Engineering Building<br>Oxford, OH 45056 | : | |
| Defendants. | : | |

___

**AMENDED COMPLAINT AND JURY DEMAND**
___

Plaintiff, Dr. Marvin Thrash, for his Complaint against Defendants Miami University and Dr. Shashi Lalvani, states as follows:

**I. PRELIMINARY STATEMENT**

1. This is a civil rights action arising from Miami University's decision to deny Dr. Thrash's application for promotion and tenure based on impermissible consideration of his race (African American) and/or color (black). Dr. Thrash brings this action pursuant to Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) *et seq.*, 42 U.S.C. § 1981, and 42 U.S.C. 42 § 1983.

1

2. Dr. Thrash seeks an award promotion and tenure as well as compensatory damages for the economic and noneconomic injuries he has suffered as a proximate result of Defendants' unlawful actions. He also seeks recoupment of his reasonable attorney fees and costs.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over Dr. Thrash's claims pursuant to 28 U.S.C. § 1331.

4. Venue in this Court is appropriate because the actions giving rise to these allegations occurred within this judicial district.

## III. ADMINISTRATIVE HISTORY

5. On March 3, 2011, Dr. Thrash filed a charge of discrimination (Charge No. 473-2011-00585) with the Equal Employment Opportunity Commission (EEOC) alleging that the decision not to award him promotion and tenure was based upon impermissible consideration of his race and/or color. (Exhibit A).

6. On October 26, 2011, Dr. Thrash received a Notice of Right to Sue in connection with the aforementioned charge of discrimination. (Exhibit B).

7. Dr. Thrash has timely brought this suit within 90 days following receipt of the aforementioned Right to Sue Notice in compliance with the requirements set forth in 42 U.S.C. § 2000(e), et *seq*.

## IV. PARTIES

8. Dr. Marvin Thrash is an Ohio resident and United States citizen. He is an Assistant Professor in the Department of Paper Sciences and Engineering at Miami University.

9. Defendant Miami University ("Miami") is a state supported institution of higher education located in Oxford, Ohio. Miami is as an "employer" as that term is defined by Title VII, 42 U.S.C. 2000(e) *et seq*.

10. Defendant Dr. Shashi Lalvani is Chair of the Department of Paper Science and Engineering at Miami and Professor Thrash's immediate supervisor. Dr. Lalvani is sued in his individual capacity.

## V. STATEMENT OF THE CASE

11. Dr. Thrash received his doctorate degree (Ph.D.) in Chemical Engineering from the University of Cincinnati in 2003.

12. Dr. Thrash was hired as an Assistant Professor in Miami's Department of Paper Science and Engineering in January 2005. By virtue of that appointment, he became eligible for consideration for tenure in the 2010-2011 academic year. To the best of Dr. Thrash's knowledge, information, and belief, he has been the sole African American in his department since his date of hire.

13. In September 2010, Dr. Thrash applied for an award of tenure and promotion to the position of Associate Professor. His department's promotion and tenure committee unanimously recommended that his application be approved. In making its recommendation, the committee noted that Dr. Thrash had satisfied the University's promotion/tenure criteria in each of the three required categories: teaching, service, scholarship, and collegiality.

14. Despite his department's recommendation, Dr. Lalvani exercised his right as departmental chairperson to overrule the committee's decision and reject Dr. Thrash's application for tenure. According to Dr. Lalvani, Dr. Thrash failed to

3

demonstrate a sufficient record of accomplishment with regard to his teaching, service, and scholarship to warrant an award of promotion of tenure.

15. The Dean of the College of Engineering accepted, affirmed, and ratified Dr. Lalvani's recommendation to deny Dr. Thrash promotion and tenure. At the next level, the University Promotion and Tenure Committee in turn likewise accepted, affirmed, and ratified the recommendation of Dr. Lalvani that Dr. Thrash's scholarship was not satisfactory.

16. Because of the negative promotion and tenure recommendations, Dr. Thrash was advised by Miami through its Provost on January 27, 2011, that his employment contract would not be renewed beyond the 2011-2012 academic year, which will end on May 6, 2012.

17. At or about the same time that he submitted his negative recommendation concerning Dr. Thrash to the Dean, Dr. Lalvani submitted positive recommendations for promotion and tenure in connection with the applications of other faculty members in the department who are not African-American and/or black. Those positive recommendations were confirmed by subsequent reviewers.

18. Dr. Lalvani treated non-African American/black faculty members more favorably by relaxing and applying different academic standards and procedures governing the area of evaluation of research for these faculty members and by extending to them additional time and opportunity to develop their research so as to enhance their prospects for attainment of promotion and tenure.

19. Furthermore, to the best of Dr. Thrash's knowledge, information, and belief, his record of scholarship is equal to, if not more substantial than, similarly

4

situated non-African American/black professors in his department who received positive recommendations from Dr. Lalvani and were awarded promotion and tenure.

20. Dr. Lalvani's inconsistent treatment of Dr. Thrash, as well as his decision to overrule the department's recommendation that Dr. Thrash be granted promotion and tenure, were motivated by the unlawful consideration of Dr. Thrash's race and/or color. Dr. Lalvani's discriminatory animus against Dr. Thrash permeated and infected the promotion and tenure process and ultimately led to the negative recommendations of the Dean and University Promotion and Tenure Committee.

21. The actions of Dr. Lalvani and Miami University were committed maliciously, in bad faith, and with a callous and deliberate disregard for Dr. Thrash's right to be free from discrimination on the basis of race and/or color.

22. As a direct and proximate result of Defendants' discriminatory and unlawful actions, Dr. Thrash suffered or will suffer economic and noneconomic injuries as well as damage to his professional reputation.

## V. STATEMENT OF THE CLAIMS

### Count 1 (Title VII)

23. Dr. Thrash repeats and reaffirms the allegations contained in paragraphs 1 through 22 as if fully rewritten herein.

24. The actions of Defendant Miami University violated Plaintiff's rights under Title VII to be free from discrimination on account of race in the terms, conditions and opportunities of his employment.

### Count 2 (42 U.S.C. § 1981)

25. Dr. Thrash repeats and reaffirms the allegations contained in paragraphs 1 through 24 as if fully rewritten herein.

26. Dr. Lalvani violated Plaintiff's right under 42 U.S.C. § 1981 to be free from discrimination on account of race in the making and enforcement of contracts.

### Count 3 (42 U.S.C. § 1983)

27. Dr. Thrash repeats and reaffirms the allegations contained in paragraphs 1 through 26 as if fully rewritten herein.

28. Dr. Lalvani violated Plaintiff's right under the Equal Protection Clause of the 14th Amendment to the United States Constitution to be free from discrimination on account of his race.

### VII. PRAYER FOR RELIEF

Wherefore, Plaintiff Dr. Marvin Thrash demands judgment against Defendants Miami University and Dr. Shashi Lalvani, jointly and severally, as follows:

1. A judgment for declaratory relief establishing that Defendants' actions violated constitutional and statutory prohibitions against discrimination on account of race and/or color as well as his right to equal protection under the laws;

2. A judgment for a permanent injunction awarding Dr. Thrash tenure and promotion or providing such other equitable relief as is just and appropriate including but not limited to an award of front pay;

3. An award of compensatory damages in an amount to be determined at trial for any economic injuries including loss of salary and benefits suffered by Dr. Thrash as a proximate result of Defendants' discriminatory and unconstitutional actions;

4. An award of compensatory damages in an amount to be determined at trial for any noneconomic damages including emotional pain and suffering and injury to his professional reputation suffered by Dr. Thrash as a proximate result of Defendants' discriminatory and unconstitutional actions;

5. An award of punitive damages against Dr. Lalvani in an amount to be determined at trial;

6. An award of Dr. Thrash's reasonable attorney fees and costs;

7. An award of such other relief in law and in equity to which Dr. Thrash is entitled under the premises.

Respectfully submitted,

**The Law Office of Marc Mezibov**

/s/ Marc D. Mezibov
Marc D. Mezibov (OH No. 0019316)
Susan M. Lawrence (OH No. 0082811)
401 East Court St., Suite 600
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
mmezibov@mezibov.com
slawrence@mezibov.com

*Attorneys for Plaintiff Marvin Thrash*

## JURY DEMAND

Dr. Thrash demands that all issues of fact in the foregoing Complaint be tried to a jury.

/s/ Marc D. Mezibov
Marc D. Mezibov (Ohio No. 0019316)